MANDEL AND GRUNFELD, Attorneys and Counselors at Law of the State of New York, for an Adjudication of their Rights in the Matter of GOLD ROSE, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court Nos. 80–3–00492, 80–10–01821

*Opinion and Order*

(Dated April 20, 1983)

Mandel and Grunfeld (James A. Resti, Esq. on the brief) for petitioner.
Norman Katz, Esq. for plaintiff.
J. Paul McGrath, Assistant Attorney General, David M. Cohen, Director, Commerical Litigation Branch (A. David Lafer, Commercial Litigation Branch) for defendant.

WATSON, *Judge:* On October 15, 1982, the law firm of Mandel & Grunfeld filed a petition asking this Court to grant them a judgment declaring that, pursuant to an agreement of July 12, 1979 with the plaintiff-importer, and notwithstanding the discharge of the law firm on or about April 19, 1982 (which petitioner describes as wrongful and unwarranted), the law firm has a present contingent interest in the refunds which are expected to result from two actions which are presently in the Suspension Disposition File on the Court.[1]

In a related matter, the law firm has brought a diversity action against the plaintiffs in the District Court for the Southern District of Florida, Miami Division, for breach of contract and tort (*Mandel & Grunfeld v. Gold Rose, Inc. and Fay Goldberg,* No. 82–1346–CIV–EBD (filed June 29, 1982)). In addition, the law firm has brought an action in this Court challenging the refusal of the Customs Service

---

[1] On April 28, 1982, petitioners notified the Court that they had, on that date, filed stipulations with the government, which, if agreed to, would dispose of these suspended actions in accordance with *Mast Industries* v. *United States,* 1 CIT 188, 515 F. Supp. 43 (1981), *aff'd,* 69 CCPA 47, 668 F.2d 501 (1981), an action which was successfully prosecuted by petitioners.

in Miami to recognize the validity of a lien asserted by the firm on the refunds to be issued to the plaintiff-importer as the result of protests filed by the firm. (*Mandel & Grunfeld* v. *Robert Battard,* Court No. 82-6-908 (filed June 30, 1982).)

The plaintiff-importer has moved to dismiss this petition for lack of jurisdiction, for failure to state a claim, and for being duplicative of the aforementioned action in the District Court. To the same end, the defendant United States has moved for an order directing the Clerk of the Court to return the petition. The government joins in arguing that this proceeding is duplicating the District Court action. It also raises a variety of procedural objection, grounded in the arcane methods of proceeding in suspended cases.

This Court finds that the complaint in the District Court action, (attached to a number of the filings), when read in a reasonable manner, covers the matters for which relief is sought in this petition. For this reason, the Court does not enter into a discussion of other defenses and objections raised to the petition, nor does it see a need for oral argument.

Basic considerations of judicial efficiency require that this matter be pursued in the District Court. For this reason the petition is hereby denied.